IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:05CR191** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **KEVIN J. YALE,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 25) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Motion to Suppress filed by the Defendant, Kevin J. Yale (Filing No. 17). The Defendant filed a statement of objection to the Report and Recommendation (Filing No. 27) and a supporting brief (Filing No. 26) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Yale is charged in a two-count Indictment with: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count I); and using, carrying and, in furtherance of the drug trafficking crime charged in Count I, possessing, a firearm (Count II). Yale seeks an order suppressing all evidence and statements obtained as a result of the search of his residence.

Following an evidentiary hearing on the Motions, Judge Thalken issued a Report and Recommendation in which he determined: the affidavit in support of the search warrant set forth sufficient probable cause for issuance of the search warrant; even if the affidavit lacked sufficiency, none of the *Leon* good-faith exceptions would apply, and the seized evidence is admissible. On the basis of these determinations, Judge Thalken recommended that the Defendant's Motion to Suppress be denied. The Defendant filed

a statement of objections to the Magistrate Judge's Report and Recommendation. (Filing No. 27.) The statement of objections is supported by a brief. (Filing No. 26.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to the issuance of the search warrant. The Court has considered the transcript of the hearing conducted by Judge Thalken (Filing No. 24). The Court also carefully viewed the evidence. Based on the Court's de novo review of the evidence, and the lack of any objection to the factual findings, the Court adopts Judge Thalken's factual findings in their entirety.

## ANALYSIS

The Defendant objects to the Report and Recommendation, arguing that the affidavit does not set out sufficient probable cause for issuance of the search warrant; and assuming that the affidavit lacks sufficiency, no *Leon* good-faith exceptions would apply.

### *Probable Cause*

The Defendant objects to the conclusion that probable cause existed in the affidavit for issuance for the warrant, arguing that the anonymous tip was unreliable and not sufficiently corroborated.

"To be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence,

2

instrumentalities or fruits of a crime, contraband, or a person for whose arrest there is probable cause may be found in the place to be searched." *Walden v. Carmack,* 156 F.3d 861, 870 (8th Cir. 1998). "The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). ""Probable cause" to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place.' . . . Courts should apply a common-sense approach and, considering all the relevant circumstances, determine whether probable cause exists." *United States v. Buchanan,* 167 F.3d 1207, 1211 (8th Cir. 1999) (quoting *United States v. Reivich,* 793 F.2d 957, 959 (8th Cir. 1986)). The probable cause determination may only be made based on the information contained in the face of the affidavit. *See United States v. Jacobs,* 986 F.2d 1231, 1234 (8th Cir. 1993).

Probable cause exists "when the facts and circumstances within an officer's knowledge are sufficiently trustworthy to warrant a person of reasonable caution to believe that a crime has been committed and that seizable property from that crime may be located at a particular place or on a person to be searched." *United States v. Gipp,* 147 F.3d 680, 687 (8th Cir. 1998). Probable cause may be established by the observations of trained law enforcement officers or by circumstantial evidence. *United States v. Searcy,* 181 F.3d 975, 981 (8th Cir. 1999); *United States v. Edmiston,* 46 F.3d 786, 789 (8th Cir. 1995).

Substantial deference is given to an issuing judge's determination of probable cause. That determination should be upheld "unless the issuing judge lacked a substantial basis for concluding that probable cause existed." *Edmiston,* 46 F.3d at 788.

Turning to the facts of Yale's case, the crime stopper tipster stated: methamphetamine was being distributed from the home; Yale was a white male being 6'4" tall with red hair; Yale's girlfriend was named Marty Boner; and Yale had a surveillance camera in the yard and a pit bull. Based on the tip, officers investigated. They did a trash pull, finding residue on a baggie in the same trash bag as venue to Yale at the named address. The residue tested positive for methamphetamine. Yale was connected to the given address through the Douglas County computer, and the physical description was close to that provided by the tipster.

Applying the appropriate legal principles, the Court concludes that probable cause existed for issuance of the warrant. The objection is denied.

**Leon *Good-Faith Exceptions***

This issue was not briefed and is therefore waived. NELR 57.3(a). The objection is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 25) is adopted in its entirety;

2. The Defendant's statement of objection to the Report and Recommendation (Filing No. 27) is denied;

3. The Defendant's Motion to Suppress (Filing No. 17) is denied.

DATED this 2nd day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge