# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR191 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| KEVIN J. YALE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the Defendant's motion filed under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 87).[1]  Rule 4(b)

of the *Rules Governing Section 2255 Proceedings for the United States District Courts*

requires initial review of the defendant's § 2255 motion.  Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly
> appears from the motion, any attached exhibits, and the record of prior
> proceedings that the moving party is not entitled to relief, the judge must
> dismiss the motion and direct the clerk to notify the moving party. If the
> motion is not dismissed, the judge must order the United States attorney to
> file an answer, motion, or other response within a fixed time, or to take other
> action the judge may order.

## FACTUAL BACKGROUND

The Defendant pleaded guilty to Count I of the Indictment charging him with

conspiracy to distribute and possess with intent to distribute at least 500 grams of

methamphetamine.  The parties entered into a plea agreement under Federal Rule of

Criminal Procedure 11(c)(1)(C) in which they agreed that Yale should be held responsible

---

[1]The Defendant originally filed his motion in 8:08CV50 under 28 U.S.C. § 2241.
(8:08CV50, Filing No. 1.)  Upon Chief Judge Joseph F. Bataillon's inquiry, the Defendant
stated that he intended his motion as a § 2255 motion.  (8:08CV50, Filing No. 7.)
Therefore, Judge Bataillon dismissed the case numbered 8:08CV50 and ordered that the
motion be considered as a § 2255 motion in the instant case.  (8:08CV50, Filing Nos. 8, 9.)

for at least 1.5 but less than 5 kilograms of a substance containing methamphetamine, resulting in the application of base offense level 34.  (Filing No. 52, ¶ 5.)  The Rule 11(c)(1)(C) agreement also states:

> The defendant hereby admits, agrees, and stipulates that he possessed a firearm in connection with the felony offense set forth in Count I of the Indictment contrary to the laws of the United States and that such conduct qualifies him for a two level upward adjustment to his base offense level pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines.

(Filing No. 52, ¶ 5.)

The plea agreement also includes the following waiver:

> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction of the subject charges in any post-conviction proceedings, including a proceeding under Title 28, United States Code, Section 2255, subject to the following exceptions:
>
> a.   The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the defendant, or not reasonably knowable by the defendant, at the time the defendant enters a guilty plea pursuant to this Plea Agreement.

(Filing No. 52, ¶ 16.)

The PSR attributed a drug quantity to the Defendant that was higher than the quantity stated in the plea agreement.  (Filing No. 60.)  Both parties objected to the drug quantity in the PSR, and defense counsel also raised other objections.  (Filing Nos. 56, 59.) The Court granted the parties' objections relating to the drug quantity and adopted the Rule 11(c)(1)(C) plea agreement.  Yale's total offense level was 34, he was placed in criminal history category VI, and his sentencing guideline range was 262-327 months.  (Filing No.

2

65.)  On January 26, 2006, he was sentenced to 262 months imprisonment and 5 years supervised release.  (Filing No. 64.)  On direct appeal, defense counsel filed a brief under *Anders v. California,* 386 U.S. 738 (1967).  On February 7, 2007, the Eighth Circuit Court of Appeals issued a per curiam opinion affirming his sentence, finding no nonfrivolous issues, and granting defense counsel's motion to withdraw.  (Filing No. 82.)  On March 30, 2007, the Eighth Circuit denied Yale's petition for rehearing.  (Filing No. 85.)  Yale's § 2255 motion was timely filed.  (Filing No. 87.)

## DISCUSSION

In the § 2255 motion, Yale alleges: his Fifth Amendment right to due process was violated because Title 18 of the United States Code was never enacted into law and is unconstitutional on its face (Claim One); his Fifth Amendment right to due process was violated because 18 U.S.C. § 3231 was never enacted into law and is unconstitutional on its face (Claim Two);  his Fifth Amendment right to due process was violated because "[t]he Court never had the authority to prosecute the Petitioner because the Court has no territorial jurisdiction and no Article III Authority" (Filing No. 87, at 5) (Claim Three); his Fifth Amendment right to due process was violated due to the government's prosecutorial misconduct (Claim Four); his Fifth Amendment right to due process was violated because 21 U.S.C. § 841, the penalty statute for his count of conviction, 21 U.S.C. § 846, was repealed and § 846 is without a penalty provision (Claim Five); his Eighth Amendment right against cruel and unusual punishment was violated because his sentence, when compared with sentences of other defendants sentenced for similar crimes, results in a sentencing disparity (Claim Six); his Fifth Amendment right to due process was violated in light of the

two-level upward enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon (Claim Seven); his Sixth Amendment right to effective assistance of counsel was violated because defense counsel (1) failed to properly "investigate the Court's jurisdiction and legal basis" for his prosecution, conviction and sentence, (2) failed to protect his constitutional rights during all stages of the proceedings, (3) allowed the gun enhancement without objection, (4) allowed the alleged sentencing disparity without objection, (5) and on appeal failed to raise every issue suggested by Yale and rather filed an *Anders* brief in which counsel argues only one issue (Claim Eight).  The claims are discussed below.

## I.    *Claims One, Two, Three, Five, Six and Seven*

These claims are clearly precluded by the waiver of § 2255 claims in the plea agreement.  (Filing No. 52, 16.)  At the change of plea hearing, Yale agreed that the terms of his plea agreement included a waiver of his right to file a § 2255 motion, with limited exceptions.  (Filing No. 77, at 11:8-16.)  Therefore, Yale knowingly and voluntarily agreed to the waiver, and Claims One, Two, Three, and Five are not within the exceptions to the waiver.  *See Chesney v. United States,* 367 F.3d 1055, 1058 (8th Cir. 2004) (discussing a defendant's right to argue under § 2255 that ineffective assistance of counsel precluded a defendant from knowingly and voluntarily entering into a plea agreement that includes a § 2255 waiver).  Moreover, Yale has not shown in accordance with the requirements of his plea agreement that the alleged grounds raised in Claims One, Two, Three, and Five were not known by him or reasonablely knowable by him when he pleaded guilty.  Claims One,

Two, Three, Five, Six and Seven are denied because it plainly appears that Yale is not

entitled to relief on these claims.

## II.     Claim Four

In Claim Four, Yale alleges that prosecutorial misconduct resulted in his prosecution,

conviction, and sentence.  More specifically, Yale argues:

> The Government, by way of the United States Attorney's Office,
> comes to these proceedings having committed a fraud on the Court,
> conspiracy, bad faith, and in violation of the principles of fair dealing.
>
> The Department of Justice's official position regarding the
> requirements to Constitutionally pass legislation has been that any
> adjournment over three (3) days by Congress constitutes a **sine die**
> adjournment and kills all pending legislation.
>
> This position has been presented to and argued before Congress and
> is established as the Department of Justice's official policy.

(Filing No. 87, at 6.)

In making this argument, Yale refers to his argument in support of Claim One.  In

that argument, Yale argues that a series of events including a "sine die adjournment" of

Congress and a later alteration of the bill resulting in Title 18 of the United States Code

resulted in fraud and a null and void Title 18.

Yale has presented no authority in support of his argument.  Title 18 took effect on

September 1, 1948, and the law remains in effect.  *See generally* Title 18 to the United

States Code, Crimes and Criminal Procedure (Enactment of Title 18).  Moreover, Yale has

not shown in accordance with the requirements of his plea agreement that this alleged

ground was not known by him or reasonably knowable by him when he pleaded guilty.  It

plainly appears that Yale is not entitled to relief on this claim, and therefore Claim Four is denied.

### III.     Claim Eight

Yale raised several grounds of ineffective assistance of counsel.  Each ground is discussed below.  The applicable test requires that Yale show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the outcome of his case.  *Keys v. United States,* 545 F.3d 644, 646 (8th Cir. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)).  Viewing each of the alleged grounds of ineffective assistance of counsel under the appropriate standard, it plainly appears that Yale is not entitled to relief on those grounds.

### A.     Proper Investigation

Yale argues that defense counsel failed to properly "investigate the Court's jurisdiction and legal basis" for his prosecution, conviction and sentence.  It is axiomatic that the Controlled Substances Act is a valid exercise of Congressional power under the Commerce Clause and therefore that federal courts have jurisdiction even over intrastate drug crimes.  *United States v. Davis,* 288 F.3d 359, 361 (8th Cir. 2002).  This claim is denied.

### B.     Protection of Constitutional Rights

Yale does not describe any specific rights that defense counsel allegedly did not protect.  To the extent that Yale argues that counsel was ineffective for allowing him to plead guilty under his Rule 11(c)(1)(C) agreement given the § 2255 waiver or other terms of his plea agreement, this claim is denied.  As the plea colloquy demonstrates, Yale

knowingly and voluntarily pleaded guilty and stated under oath at his plea hearing that he knew he waived his right, absent narrow exceptions, to file a § 2255 motion.   Yale also agreed to the drug quantity and the gun enhancement.  (Filing No. 77, at 9 (read and voluntarily signed the petition and voluntarily answered each question; was not forced to plead guilty; answers in petition are true), 10-12 (read the plea agreement and discussed with counsel; understood the drug quantity, gun enhancement and § 2255 waiver; voluntarily signed the plea agreement; was not promised anything or threatened to sign the plea agreement), 16 (freely and voluntarily pleaded guilty; acknowledged that a gun was found at his residence).  This claim is denied.

## C.   Gun Enhancement

Yale argues that counsel was ineffective for not objecting to the 2-level gun enhancement under U.S.S.G. § 2D1.1(b)(1).  Yale agreed to the enhancement in his plea agreement, and he does not argue that he entered into the agreement unknowingly or involuntarily.  The claim is denied.

## D.   Sentencing Disparity

Yale argues that counsel allowed him to be sentenced differently from those sentenced for similar crimes without objection.

18 U.S.C. § 3553(a)(6) requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  In this case, the Court considered this factor.  (Filing No. 71, at 8:1-12.)  Also, the advisory sentencing guidelines used in sentencing Yale were promulgated specifically to seek "reasonable uniformity in sentencing by narrowing the wide

disparity in sentences imposed for similar criminal offenses committed by similar offenders."

U.S.S.G. Ch. I, Pt. A, § 1(3).  Therefore, the claim is denied.

***E.      Appeal***

Yale argues that defense counsel was ineffective for failing to raise "every" issue

suggested by Yale on appeal and instead filing an *Anders* brief and arguing only the issue

of sentencing disparity among the coconspirators.  When counsel files an *Anders* brief, the

Eighth Circuit reviews the case independently to ensure that any nonfrivolous issue is

raised.  In Yale's case, the court performed its review and concluded that no nonfrivolous

issues existed.  (Filing No. 85.)   Moreover, Yale has not specified any claims that he

thought worthy of raising on appeal.  Therefore, Yale cannot prove either prong of the

*Strickland* test.  *United States v. Davis,* 508 F.3d 461, 464 (8th Cir. 2007) (a defendant

arguing ineffective assistance of counsel on appeal must show, in addition to counsel's

deficient performance, that he would be prejudiced or, in other words, a high probability that

the outcome of the appeal would be different if other claims were raised), *cert. denied,* 128

S. Ct. 1731 (2008).  This claim is denied.

## CONCLUSION

Because it plainly appears from the record that Yale is not entitled to relief on any

of his claims, the § 2255 motion is denied.

THEREFORE, IT IS ORDERED:

1.      That the court has completed initial review of the defendant's motion filed

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 87);

2.      Upon initial review, the Court summarily denies the Defendant's claims raised

in the § 2255 motion;

3.      A separate Judgment will be issued denying the § 2255 motion; and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the

Defendant at his last known address.

DATED this 11th day of February, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge