# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR191** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **KEVIN J. YALE,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of Filing No. 108, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] ("§ 2255 motion") and supporting memorandum (Filing No. 109) filed by the Defendant, Kevin Yale ("Yale") pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Also before the Court is a Motion to Withdraw as Attorney (Filing No. 112) filed by the Federal Public Defender.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of

---

[1] The Court notes that Yale previously filed a § 2255 Motion on February 1, 2008, and that motion was dismissed on February 11, 2008. Yale filed a successive § 2255 Motion on December 1, 2011, and that motion was denied because Yale had not received permission from the Eighth Circuit Court of Appeals to allow this Court to consider the motion. Rule 9 of the Rules Governing Section 2255 Proceedings provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." With regards to the pending § 2255 Motion, Yale did not obtain approval to file a successive § 2255 Motion from the Eighth Circuit. The pending § 2255 Motion is subject to dismissal on procedural grounds but, in the interest of judicial economy, the Court will conduct the initial review of Yale's successive § 2255 Motion.

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Yale pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine. The parties entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) in which they agreed that Yale should be held responsible for at least 1.5 but less than 5 kilograms of a substance containing methamphetamine, resulting in the application of base offense level 34. (Filing No. 52, ¶ 5.)

On January 26, 2006, he was sentenced to 262 months imprisonment and 5 years supervised release. (Filing No. 64.) On direct appeal, defense counsel filed a brief under *Anders v. California,* 386 U.S. 738 (1967). On February 7, 2007, the Eighth Circuit Court of Appeals issued a per curiam opinion affirming his sentence, finding no nonfrivolous issues, and granting defense counsel's motion to withdraw. (Filing No. 82.) On March 30, 2007, the Eighth Circuit denied Yale's petition for rehearing. (Filing No. 85.)

As discussed in the footnote, above, Yale filed a § 2255 motion (Filing No. 87) on February 1, 2008, and that motion was dismissed on February 11, 2009 (Filing No. 88). Yale filed a successive § 2255 Motion (Filing No. 92) on December 1, 2011, and that motion was denied on December 6, 2011, at Filing No. 93. Yale petitioned the Eighth Circuit for authorization to file a successive § 2255 Motion and that request was denied (Filing No. 97). On November 24, 2014, at Filing No. 101, Yale moved the court for a reduction in sentence seeking relief under Amendment 782 to the United States

2

Sentencing Guidelines. Appointed counsel filed an Unopposed Motion to Reduce Sentence (Filing No. 105) and Stipulation (Filing No. 106). On December 17, 2015, the Court reduced Yale's previous sentence from 262 months to 210 months (Filing No. 107).

The Federal Public Defender has reviewed Yale's case in connection with his pending § 2255 Motion; determined that the Defendant had no prior conviction that was used to enhance his sentence; and concluded that the *Johnson* decision is not applicable to his case. The Court has also reviewed the matter, including Yale's Presentence Investigation Report ("PSR") ("Filing No. 60). The PSR reveals that the Defendant did not receive a sentencing enhancement due to a prior crime of violence.

THEREFORE, IT IS ORDERED:

1. The Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 108);

2. The Court summarily denies the Defendant's § 2255 Motion;

3. A separate Judgment will be issued denying the § 2255 Motion;

4. The Motion to Withdraw (Filing No. 112) filed by the Federal Public Defender is granted; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 25th day of August, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge